1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8   CHOICE HOTELS INTERNATIONAL, INC.,

9              Plaintiff,                    No. 2:11-mc-0045 WBS GGH

10      vs.

11
12  DOSTEL CORPORATION, et al.,
                                             ORDER AND
13          Defendants.                      FINDINGS AND RECOMMENDATIONS
    _____/

14          Previously pending on this court's law and motion calendar for March 14, 2013,

15  was plaintiff's motion for assignment order re: rights to payment of money due or to become due,

16  filed December 12, 2012, against defendant Pankaj Patel ("defendant.")[1]  Defendant Patel has not

17  filed an opposition and did not appear at the hearing.  Timothy Aires appeared telephonically for

18  plaintiff.  Having heard oral argument and reviewed the moving papers, the court now issues the

19  following order and findings and recommendations.

20  BACKGROUND

21          Plaintiff obtained a judgment against defendant Pankaj Patel on March 31, 2009

22  in another district, in the amount of $86,668.53.  This judgment has been registered in this

23  district for enforcement.  The judgment, by virtue of post-judgment interest and costs of $39 to

24  enforce the judgment, now total $88,694.11, according to plaintiff.  Defendant has not agreed to

25  _____

26          [1] This matter was assigned to the magistrate judge for all further proceedings by minute
    order of January 15, 2013.  (Dkt. no. 4.)

                                             1

1  satisfy the judgment.  Plaintiff therefore seeks an assignment order to enforce the judgment from

2  defendant Patel's commercial real estate activities.

3  DISCUSSION

4          Fed. R. Civ. P. 69(a)(1) provides that a "money judgment is enforced by a writ of

5  execution, and that the procedure used "must accord with the procedure of the state where the

6  court is located," unless a federal statute applies.  Post-judgment enforcement proceedings, such

7  as this one, must comply with California law.  Credit Suisse v. United States Dist. Ct., 130 F.3d

8  1342, 1344 (9th Cir. 1997); Cal. Civ. Proc. Code § 680.010.  Under California law, "the court

9  may order the judgment debtor to assign to the judgment creditor...all or part of a right to

10  payment due or to become due, whether or not the right is conditioned on future developments,

11  including but not limited to ..." rents, commissions, and royalties.[2]  Cal. Civ. Proc. Code §

12  708.510(a).  See Peterson v. Islamic Republic of Iran, 627 F.3d 1117, 1130-31 (9th Cir. 2010).

13          Detailed evidentiary support for the request under § 708.510 is not required;

14  however, a judgment creditor is required to "describe [the sources of the right to payment] with

15  sufficient detail so that [d]efendants can file a claim of exemption or other opposition."  Icho v.

16  PacketSwitch.com, Inc., 2012 WL 4343834, *1 (N.D. Cal. Sep. 21, 2012) (citation omitted).  In

17  considering whether to issue an assignment order, the court may review all relevant factors,

18  including the reasonable requirements of the judgment debtor, other obligations owed by the

19  judgment debtor on other judgments and wage assignments, the amount owing on the money

20  judgment, and "the amount being or to be received in satisfaction of the right to payment that

21  may be assigned."  Cal. Civ. Proc. Code § 708.510(c).  "A right to payment may be assigned ...

22  only to the extent necessary to satisfy the money judgment."  (Id., subd. (d)).  The creditor must

23

24          [2]  If an assignment order is issued, a third party obligor's rights are not affected until
notice of the order is received by the obligor.  An obligor is the person obligated who may
become obligated in future to make payments to the judgment debtor.  Cal. Civ. Proc. Code §
25  708.540.  In such a case, assignment from a third party obligor to the judgment creditor is
appropriate where such a person can be identified and the right to payment is assignable.  Garden
26  City Boxing Club, Inc. v. Briano, 2007 WL 4463264 at *1 (E.D. Cal. Dec. 13, 2007).

1    specify the amount currently due and owing on the judgment.  <u>Writers Guild of America, West,</u>

2    <u>Inc. v. Motocross The Movie, LLC</u>, 2010 WL 383432, *1 (C.D. Cal. Jan. 25, 2010).

3                 In the instant case, the Registration of Judgment, certified by the Clerk of Court

4    for the District of Maryland, indicates that default judgment was entered against all defendants

5    on March 31, 2009, in the amount of $86,318.53 plus costs of $350 and post-judgment interest.

6    (Dkt. no. 1.)  All defendants have been served with the motion for assignment order.  Cal. Civ.

7    Proc. Code § 708.510(b).  Plaintiff seeks an order assigning to it the interest in defendant's

8    "rights to payment of money due or to become due, including, without limitation, accounts

9    receivable, general intangibles, accounts, deposit accounts, royalties, fees, commissions, and

10   other rights to money, from whatever source, including, without limitation, rights to the

11   payments of money due from their business activities as a real estate salesperson and/or

12   generated through the use of California Department of Real Estate License No. 01340464" in an

13   amount necessary to satisfy the judgment in the amount of $88,694.11 as of January 28, 2013.

14   This amount reflects a daily rate of interest of .6% per annum or $1.42 per day since March 31,

15   2009, the date of judgment, for a total of $1,986.58 in interest, as well as $39 in costs, all

16   pursuant to Cal. Civ. Proc. Code § 685.010.[3]  Because defendant filed no opposition to the

17   motion and did not appear at hearing, the failure to oppose the motion is deemed consent to the

18   granting of the motion.  E. D. Local Rule 230(c), (i).  Furthermore, the court has reviewed the

19   motion and finds that it has merit.

20                 In <u>Icho</u>, 2012 WL 4343834 at *1, the court denied the motion for assignment

21   order because plaintiffs had not identified specific persons or entities from which defendant M.C.

22   Hammer had a right of payment.  Even though plaintiffs could show that defendant remained

23   involved with certain companies, they had "not provided any indication that [defendant]

24   possesse[d] assignable property as part of those relationships."  The court found that there must

25

26        [3] Section 685.010 provides for interest at a rate of ten percent per annum.

3

1  be "some degree of concreteness to the expected payment."  Id. at *2.  In that case, the possibility

2  of future concert appearances was "not sufficiently concrete because there [was] no third-party

3  obligor from which [defendant's] right to payment [could] be assigned."  See also Garden City

4  Boxing Club, Inc., 2007 WL 4463264 at *1 (denying party's request for assignment because

5  party did not identify a specific source of money to be assigned but only described requested

6  assignment in general terms such as "all accounts, etc., claims against and monies due from third

7  parties for the benefit of defendant); Trustees of the Screen Actors Guild-Producers Pension Plan

8  v. See You in September, LLC, 2010 WL 5245960 (C.D. Cal. Dec. 16, 2010) (granting

9  assignment where payments were to come from specific company to plaintiffs).  But see Lopez v.

10  Musinorte Entertainment Corp., 2011 WL 2471927 (C.D. Cal. Jun. 21, 2011) (granting

11  assignment motion despite fact that judgment debtors had only one recording contract and did

12  not know when or if they would receive royalties on it).

13          In its motion, plaintiff had not identified a specific source of money to be

14  assigned.  However, at hearing plaintiff agreed to an assignment order specifying the broker as

15  listed in Exhibit A to the motion.  Therefore, the requirement of specificity is satisfied by naming

16  1AR Inc., defendant's broker, license number 01316167, as the source of the funds to be

17  assigned.

18          Accordingly, IT IS ORDERED that: The Clerk of the Court serve a copy of these

19  findings and recommendations on 1AR Inc., 5740 Windmill Way, #1, Carmichael, CA 95608.

20          IT IS HEREBY RECOMMENDED that:

21          1.  Plaintiff's motion for assignment order, filed December 12, 2012, (dkt. no. 3),

22  be granted;

23          2.  All payments due to defendant Pankaj B. Patel now and in the future,

24  including, without limitation, accounts receivable, general intangibles, accounts, deposit

25  accounts, royalties, fees, commissions, and other rights to money, from whatever source,

26  including, without limitation, rights to the payments of money due from his business activities as

4

a real estate salesperson and/or generated through the use of California Department of Real Estate License No. 01340464, from 1AR Inc., 5740 Windmill Way, #1, Carmichael, CA 95608, and any of its subsidiaries, agents, and assignees be assigned to plaintiff to the extent necessary to satisfy the judgment in this matter, which is in the amount of $88,694.11 as of January 28, 2013;

　　　　3.  Defendant Patel may not assign any payments from 1AR Inc. to any other legal entity until that amount has been paid to plaintiff;

　　　　4.  1AR Inc. shall make such payments directly to plaintiff care of plaintiff's counsel, Aires Law Firm, 180 Newport Center Drive, Suite 260, Newport Beach, California, 92660; and

　　　　5.  The Clerk of the Court serve a copy of an order adopting these findings and recommendations on 1AR Inc., 5740 Windmill Way, #1, Carmichael, CA 95608.

　　　　These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2013

　　　　　　　/s/ Gregory G. Hollows
　　　　　　UNITED STATES MAGISTRATE JUDGE

GGH:076/Choice0045.assign.wpd

5