1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHOICE HOTELS INT'L, INC.,              No.  2:11-mc-0045 WBS AC

12           Plaintiff,

13       v.                                  ORDER

14   DOSTEL CORP., ET AL.,

15           Defendant.

16

17          This matter is before the court on plaintiff's Motion for Assignment Order against

18   defendant Nilakshi Patel.  By way of this motion, plaintiff seeks an order assigning to it the

19   interest, if any, of defendant in their rights to payment of money due or to become due from their

20   business activities as the landlord/owner of commercial real property located at 4400 47th

21   Avenue, Sacramento, CA 95824, and commonly known as "Universal Plaza," APN 039-0052-

22   048 ("the Subject Property"), to the extent necessary to satisfy the judgment entered in this action

23   in full.  Defendant Patel has not filed an opposition to the instant motion.  On review of the

24   motion and the documents filed in support, THE COURT FINDS AS FOLLOWS:

25                              RELEVANT BACKGROUND

26          Plaintiff obtained a judgment against, inter alia, defendant Nilakshi Patel on March 31,

27   2009 in another district, in the amount of $86,668.53.  This judgment has been registered in this

28   district for enforcement.  The judgment, by virtue of post-judgment interest and costs of $39 to

                                            1

1  enforce the judgment, now total $89,134.31, according to plaintiff.

2       On or about January 29, 2004, defendants/ judgment debtors Pankaj B. Patel fka Panjaj B.

3  Patel and Nilakshi Patel executed in favor of "Universal Plaza LLC, a California Limited

4  Liability Company and Nilakshi Patel" that certain Grant Deed dated January 29, 2004 which

5  describes the Subject Property, and improvements thereon, and which was recorded on February

6  4, 2004. See Pl's Mot., Ex. A.  The Grant Deed contains the following recital: "Documentary

7  Transfer Tax is $R & T Code 11925."  It also contains the following: "Grantors and grantees are

8  comprised of the same parties and their proportional interest remains the same immediately

9  following the transfer."

10       Defendant/judgment debtor Nilakshi Patel is primarily involved in commercial real estate

11  activities and does not rely upon retail operations to generate revenue.  Declaration of Timothy

12  Carl Aires, ¶ 5, ECF No. 11 at 12-13.  Rights to payment of money due or to become due from

13  their business activities as the landlord/owner of the Subject Property exist in favor of

14  defendant/judgment debtor Nilakshi Patel.  See id; Declaration of Douglas Cleary ¶¶ 4-5, ECF

15  No. 11 at 14-16.

16       Defendant has not agreed to satisfy the judgment.  Plaintiff therefore seeks an assignment

17  order to enforce the judgment from defendant Nilakshi Patel's commercial real estate activities.

18                                   DISCUSSION

19       Plaintiff moves for an assignment order pursuant to Federal Rule of Civil Procedure 69(a)

20  and California Civil Procedure Code § 708.510.  Federal Rule of Civil Procedure 69(a)(1)

21  provides that a "money judgment is enforced by a writ of execution," and that the procedure used

22  "must accord with the procedure of the state where the court is located," unless a federal statute

23  applies.  Post-judgment enforcement proceedings, such as this one, must comply with California

24  law.  Credit Suisse v. United States Dist. Ct., 130 F.3d 1342, 1344 (9th Cir. 1997); Cal. Civ. Proc.

25  Code § 680.010.  Under California law, "the court may order the judgment debtor to assign to the

26  judgment creditor . . . all or part of a right to payment due or to become due, whether or not the

27  right is conditioned on future developments, including but not limited to . . ." rents, commissions,

28  and royalties.  Cal. Civ. Proc. Code § 708.510(a).  See Peterson v. Islamic Republic of Iran, 627

1    F.3d 1117, 1130-31 (9th Cir. 2010).

2         Detailed evidentiary support for the request under § 708.510 is not required; however, a

3    judgment creditor is required to "describe [the sources of the right to payment] with sufficient

4    detail so that [d]efendants can file a claim of exemption or other opposition."  Icho v.

5    PacketSwitch.com, Inc., 2012 WL 4343834, *1 (N.D. Cal. Sep. 21, 2012) (citation omitted).

6    "[Section] 708.510 refers to a 'payment due or become due,' which suggests some degree of

7    concreteness to the expected payment is required."  Legal Additions LLC v. Kowalksi, 2011 WL

8    3156724, at *2 (N.D. Cal. July 26, 2011) (emphasis omitted) (internal citations omitted).

9    "Certainly, there needs to be more than just speculation before the remedy of an assignment can

10   be provided."  Id.

11        In considering whether to issue an assignment order, the court may review all relevant

12   factors, including the reasonable requirements of the judgment debtor, other obligations owed by

13   the judgment debtor on other judgments and wage assignments, the amount owing on the money

14   judgment, and "the amount being or to be received in satisfaction of the right to payment that may

15   be assigned."  Cal. Civ. Proc. Code § 708.510(c).  "A right to payment may be assigned . . . only

16   to the extent necessary to satisfy the money judgment."  Id. subd. (d)).  The creditor must specify

17   the amount currently due and owing on the judgment.  Writers Guild of America, West, Inc. v.

18   Motocross The Movie, LLC, 2010 WL 383432, *1 (C.D. Cal. Jan. 25, 2010).

19        In the instant case, the Registration of Judgment, certified by the Clerk of Court for the

20   District of Maryland, indicates that default judgment was entered against all defendants on March

21   31, 2009, in the amount of $86,318.53 plus costs of $350 and post-judgment interest.  ECF No. 1.

22   All defendants have been served with the motion for assignment order.  Cal. Civ. Proc. Code §

23   708.510(b).  Plaintiff seeks an order assigning to it the interest in defendant's "rights to payment

24   of money due or to become due" from their business activities as the landlord/owner of the

25   Subject Property in an amount necessary to satisfy the judgment in the amount of $89,134.31 as

26   of December 4, 2013.  This amount reflects a daily rate of interest of 0.6% per annum or $1.42

27   per day since March 31, 2009, the date of judgment, for a total of $2,426.78 in interest, as well as

28   $39 in costs, all pursuant to Cal. Civ. Proc. Code § 685.010.  Because defendant filed no

1 │ opposition to the motion, the failure to oppose the motion is deemed consent to the granting of the

2 │ motion.  E.D. Local Rule 230(c), (i).  Furthermore, the court has reviewed the motion and finds

3 │ that it has merit.

4 │      Accordingly, IT IS HEREBY RECOMMENDED that:

5 │     1.  Plaintiff's motion for assignment order (ECF No. 11) be granted;

6 │     2.  The right of Defendant/Judgment Debtor Nilakshi Patel to payment of money due or

7 │        to become due from their business activities as the landlord/owner of that certain

8 │        commercial real property, and improvements thereon, commonly known as "Universal

9 │        Plaza," and located at 4400 47th Avenue, Sacramento, California 95824 APN 039-

10 │        0052-048, be assigned to Plaintiff/Judgment Creditor Choice Hotels International Inc.

11 │        with payment to "Aires Law Trust Account fbo Choice Hotels International Inc.," at

12 │        180 Newport Center Drive, Suite 260, Newport Beach, California 92660, to the extent

13 │        necessary to satisfy the judgment entered in this action in full, which as of December

14 │        4, 2013, is $89,134.31.

15 │      These findings and recommendations are submitted to the United States District Judge

16 │ assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17 │ after being served with these findings and recommendations, any party may file written

18 │ objections with the court and serve a copy on all parties.  Such a document should be captioned

19 │ "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20 │ within the specified time may waive the right to appeal the District Court's order.  Turner v.

21 │ Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

22 │ 1991).

23 │ DATED: January 2, 2014

24 │

25 │ ALLISON CLAIRE
     │ UNITED STATES MAGISTRATE JUDGE

26 │

27 │

28 │