UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INT'L, INC., | No. 2:11-mc-0045 WBS AC |
| Plaintiff, | |
| v. | <u>ORDER TO SHOW CAUSE</u> |
| DOSTEL CORP., ET AL., | |
| Defendant. | |

   Pending before the court is plaintiff/judgment creditor Choice Hotel, Inc.'s ("plaintiff") motion for an order to show cause regarding civil contempt. ECF No. 24. Plaintiff contends that defendant/judgment debtor Nilakshi Patel ("defendant") has refused to comply with the court's February 12, 2014 Assignment Order entered by District Judge William B. Shubb. ECF No. 16 ("Assignment Order"). Plaintiff seeks an order holding defendant in contempt for failure to abide by the Assignment Order. ECF No. 24. Under 28 U.S.C. § 636(b), the undersigned has the authority to certify the facts of a party's contempt to the district court and to issue an order directing defendant to show cause before the district judge why she should not be held in contempt. See <u>Alcalde v. NAC Real Estate Invs. & Assignments, Inc.</u>, 580 F. Supp. 2d 969 (C.D. Cal. Aug. 4, 2008). Upon review of the documents in support of the motion and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

////

1

# CERTIFIED FACTS

On March 31, 2009, plaintiff obtained a judgment against defendant in another district and in the amount of $86,668.53. ECF No. 24 at 2. The judgment has been registered in this district for enforcement. Id. According to plaintiff, the judgment total as of December 4, 2013 is $89,134.31. Id. Defendant did not agree to satisfy the judgment and on October 17, 2013 plaintiff sought an assignment order to enforce the judgment from defendant's commercial real estate activities. ECF No. 11.

On January 3, 2014, the magistrate judge assigned to this action issued findings and recommendations recommending the motion for assignment order be granted and relief granted as follows:

> The right of Defendant/Judgment Debtor Nilakshi Patel to payment of money due or to become due from their business activities as the landlord/owner of that certain commercial real property, and improvements thereon, commonly known as "Universal Plaza," and located at 4400 47th Avenue, Sacramento, California 95824 APN 039-0052-048, be assigned to Plaintiff/Judgment Creditor Choice Hotels International Inc. with payment to "Aires Law Trust Account fbo Choice Hotels International Inc.," at 180 Newport Center Drive, Suite 260, Newport Beach, California 92660, to the extent necessary to satisfy the judgment entered in this action in full, which as of December 4, 2013, is $89,134.31.

ECF No. 14. On February 12, 2014, the findings and recommendations were adopted in full. ECF No. 16. Defendant/judgment debtor Nilakshi Patel was served with the order on February 12, 2014. See ECF No. 17.

On May 12, 2014, plaintiff filed a motion for issuance of an order to show cause regarding contempt for defendant's failure to comply with the court's Assignment Order directing rents from the property at issue be paid to the judgment creditor. ECF No. 18.

On June 27, 2014, the undersigned issued an order and order to show cause ordering defendant to show cause in writing within twenty-one days from the issuance of the order why she should not be punished for contempt for failure to abide by Judge Shubb's February 12, 2014 Assignment Order. ECF No. 21. Defendant was served by mail with the court's order and order to show cause.

////

The time for responding to the court's order to show cause has passed and defendant has not responded to the court's order or otherwise appeared in this action.

## FURTHER CONTEMPT PRODCEEDINGS ARE WARRANTED

On November 3, 2014, plaintiff renewed its motion for issuance of an order to show cause, arguing that defendant has failed to abide by the court's orders. ECF No. 24. Plaintiff argues, *inter alia*, that

> [N]o rent from the tenants occupying the Real Property has been paid over by Defendant/Judgment Debtor Nilakshi Patel . . . [,] [n]o accounting has been rendered by Defendant/Judgment Debtor Nilakshi Patel, . . . [and] [n]o indication has been given that rent payments by the tenants have universally ceased[.]

Id. at 2.

Magistrate judges must refer contempt proceedings to district judges. See 28 U.S.C. § 636(e); Bingman v. Ward, 100 F.3d 653, 656-57 (9th Cir. 1996). A magistrate judge may investigate whether further contempt proceedings are warranted and, if so, may certify such facts to a district judge and issue an order directing a party (or counsel) to show cause before the district judge why he should not be held in contempt.. 28 U.S.C. § 636(e); see also Alcalde, 580 F. Supp. 2d at 971 ("Contempt proceedings are instituted by the issuance of an Order to Show Cause [] why a contempt citation should not issue and a notice of a date for the hearing.") (citing Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial at ¶ 11:2316).

Where contempt is sought to compensate an aggrieved party for failure of an adverse party to comply with court orders, the asserted contempt is civil in nature. United States v. Asay, 614 F.2d 655, 659 (9th Cir. 1980).[1] Civil contempt sanctions are intended to coerce compliance. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994). To find civil contempt: ". . . the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that the order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the order." Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995). There need not be a willful

---

[1] On the other hand, where contempt is imposed to vindicate the authority of the court following a completed act of disobedience, and the contemnor has no opportunity to purge himself of contempt, the contempt is criminal in nature. Bingman, 100 F.3d at 655–56.

3

1  violation of the order in order for the court to find civil contempt.  Asay, 614 F.2d 661; see also
2  United States v. Laurins, 857 F.2d 529, 534 (9th Cir. 1988).
3        As demonstrated by the facts certified above, it appears that defendant has wilfully
4  violated the court's Assignment Order assigning her rights to payment of money from her
5  business as the landlord/owner of the "Universal Plaza" commercial property to plaintiff to satisfy
6  the judgment.  The Assignment Order was clear and unambiguous, and clear and convincing
7  evidence establishes that defendant has wilfully failed to comply with the order.  Defendant was
8  served by mail with the court's Assignment Order and there is no indication that defendant was
9  unable to comply with the order.
10       For these reasons, further contempt proceedings are warranted.
11       Accordingly, IT IS HEREBY ORDERED that:
12       1. Plaintiff/judgment creditor's motion for the issuance of an order to show cause, ECF
13 No. 24, is granted;
14       2. Defendant/judgment debtor is hereby ordered to appear and show cause why she should
15 not be found in contempt based upon the facts this court has certified;
16       3. A contempt hearing is set before Judge Shubb on December 15, 2014 at 2:00 p.m.;
17       4. The Clerk of the Court shall serve a copy of this order on defendant/judgment creditor
18 at the following addresses:
19       Nilakshi Patel, 4518 Maple Plain Avenue, Elk Grove, CA 95758
20       Nilakshi Patel, 4400 47th Avenue, Suite 104, Sacramento, CA 95824
21 DATED:  November 4, 2014

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE