UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOSTEL CORP., ET AL., <br><br> Defendant. | No. 2:11-MC-0045-GEB-AC <br><br> **ORDER HOLDING DEFENANT IN CIVIL CONTEMPT OF COURT** |

Defendant/Judgment Creditor Nilakshi Patel ("Defendant") was ordered to appear in federal court on February 27, 2015 for the purpose of showing cause why she should not be held in civil contempt for her failure to comply with the assignment order filed on February 12, 2014 concerning a foreign judgment against her. (ECF No. 16). Defendant failed to appear at the hearing. The assignment order states in part:

> Plaintiff's motion for assignment order (ECF No. 11) is granted; and The right of Defendant/Judgment Debtor Nilakshi Patel to payment of money due or to become due from [her] business activities as the landlord/owner of . . . commercial real property, and improvement thereon, commonly known as 'Universal Plaza' and located at 4400 47th Avenue, Sacramento, California 95824 APN 039-0052-048, is assigned to Plaintiff/Judgment Creditor Choice Hotels

1

>>International Inc. with payment to 'Aires Trust Account fbo Choice Hotels International Inc.,' at 180 Newport Center Drive, Suite 260, Newport Beach, CA 92660, to the extent necessary to satisfy the judgment entered in this action in full, which as of December 4, 2013 is $89,134.31.

(Id. 1:25-2:5.)

"A district court has the power to adjudge in civil contempt any person who [ ] disobeys a specific and definite order of the court." Gifford v. Heckler, 741 F.2d 263, 265 (9th Cir.1984). "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United States v. United Mine Workers of Am., 330 U.S. 258, 303-04 (1947); accord United States v. Bright, 596 F.3d 683, 695-96 (9th Cir.2010) ("Civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which result from the noncompliance.") (internal quotation marks omitted)).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." In re Bennett, 298 F.3d 1059, 1069 (9th Cir.2002). The clear and convincing evidence standard requires the moving party to "place in the ultimate factfinder an abiding conviction that the truth of its factual contentions are 'highly probable.'" Colorado v. New Mexico, 467 U.S. 310, 316 (1984). Factual contentions are highly probable if the evidence offered in support of them "instantly tilt[s] the evidentiary

scales in the affirmative when weighed against the evidence [the non-moving party] offered in opposition." Id.

The Court finds clear and convincing evidence that Defendant is in civil contempt of court, and will consider what sanction or sanctions should be imposed at or before the hearing Plaintiff noticed to commence at 9:00 a.m. on March 30, 2015.

In light of Defendant's civil contempt, no later than five court days after this order is filed, Plaintiff shall file a proposed civil contempt order.

The Clerk of the Court shall serve a copy of this order on Defendant Nilakshi Patel at the following addresses:

    Nilakshi Patel, 4518 Maple Plain Avenue, Elk Grove, CA 95758

    Nilakshi Patel, 4400 47th Avenue, Suite 104, Sacramento, CA 95824.

Dated: February 27, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3