UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL INC., <br><br> Plaintiff, <br><br> v. <br><br> DOSTEL CORPORATION; PIYUSH DOSHI; NILAKSHI PATEL; PANKAJ PATEL; and VARSHA DOSHI, <br><br> Defendants. | No. 2:11-MC-0045-GEB-AC <br><br> **ORDER DENYING PLAINTIFF/JUDGMENT CREDITOR'S MOTION FOR APPOINTMENT OF A RECEIVER**[*] |

Plaintiff/Judgment Creditor Choice Hotels International, Inc. ("Plaintiff") moves for appointment of a receiver "to take possession of, manage, and, upon further court order, sell the real property, and improvements thereon, located in the County of Sacramento, State of California, and situated at 4400 47th Avenue, Sacramento, California 95824 APN 039-0052-048" ("the Real Property"). (Notice of Mot. 1:27-2:3, ECF No. 34.) Plaintiff indicates that the referenced receiver would be compensated "for services rendered in the sum of 5% of the total

---

[*] The hearing on March 30, 2015 is vacated since this matter is suitable for decision without oral argument under E.D. Cal. R. 230(g).

1

sale price of the Real Property," that the receiver's undertaking should be "fix[ed] . . . at $2,500.00" and that receiver would have the power <u>inter alia</u> to "commence eviction proceedings of any occupant[] of the Real Property." (Notice of Mot. 4:1-2; 2:22; 2:24-25.) Plaintiff's request appears to presume, without factual support, that to satisfy the judgment tenants should be evicted and the Real Property sold.

California Code of Civil Procedure section 708.620 prescribes: "The Court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment." Plaintiff has not shown that a receiver should be appointed with more authority than is necessary to demand, collect and receive rents from tenants on the Real Property; this appointment appears sufficient to resolve the contempt citation, provided that the method of compensating a receiver is explained.

Therefore, the motion is DENIED.

Dated: March 20, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2