UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOSTEL CORP., ET AL., <br><br> Defendant. | No. 2:11-MC-0045-GEB-AC <br><br> **ORDER DENYING PLAINTIFF/JUDGMENT CREDITOR'S MOTION FOR ATTORNEY'S FEES**[*] |

      Plaintiff/Judgment Creditor Choice Hotels International ("Plaintiff") seeks "an order awarding [it] . . . $10,750.00 [in attorney's fees, contending the fees are] . . . a direct consequence of the contempt proceedings against Defendant/Judgment Debtor Nilakshi Patel" ("Defendant"). (Not. Mot. & Mot. Award of Atty.'s Fees, ("Not.") 1:23-26, ECF No. 43.) Although Defendant has been held in Civil Contempt of Court, the Court has not decided what sanction or sanctions should be imposed on Defendant, but stated in an order filed March 23, 2015 that Plaintiff's idea of appointing a receiver "appears sufficient to resolve the contempt citation, provided that the

---

[*] The hearing on April 27, 2015 is vacated since this matter is suitable for decision without oral argument under E.D. Cal. R. 230(g).

1

method of compensating a receiver is explained." (Order Denying Pl. Mot. Appointment of a Receiver, 2:16-8, ECF No. 44.) The contempt issue is still pending.

> Here, this Court has determined that Defendant . . . is in civil contempt of court . . . . [and] [a]s part of [Defendant's contempt sanction], Plaintiff . . . is entitled to seek an award of reasonable attorney's fees incurred as a direct consequence of the contempt. Attorney's fees with a reasonable value of $10,750.00 were reasonably and necessarily incurred in connection with these contempt proceedings. Said attorney's fees should be included as part of this Court's sentencing order.

(Mot. Award of Atty's Fees, 1:25-2:3, ECF No. 43.)

"[T]rial court[s] . . . have discretion to analyze each contempt case individually and decide whether an award of [attorney's] fees . . . is appropriate as a remedial measure." Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985). Since Plaintiff has not addressed the issue of whether attorney's fees are an appropriate "remedial measure" under the circumstances in which they are sought here, this issue is not addressed sua sponte and the court need not decide the reasonableness of the fee Plaintiff seeks.  Therefore, its motion is denied.

Dated:  April 21, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2